[No. 8026.]

IN RE SENATE RESOLUTION NO. 9.

1. CONSTITUTIONAL LAW—*Increase in Judicial Districts—Change of Boundaries*—The increase, diminution, or change of boundaries in the judicial districts, or in the number of judges in any district, referred to in section 14, of art. VI of the constitution is such as is brought about by the formation of a new district or the abolition of

an existing one. The section has no relation to legislation changing a county from one district to another, so as not to abolish any district.

2. ——Change of County from One District to Another—Effect— Where a county is changed from one district to another, the judge of the latter district will thereafter preside in the district court of such county; neither of the judges of the district from which the county is taken is thereby removed from office.

Mr. FRED FARRAR, attorney general, and Mr. FRANCIS E. BOUCK, debuty atttorney general, appeared in support, by the senate's request.

There has been submitted to this court, by the honorable senate of the nineteenth general assembly now in session, the following resolution:

"Senate Resolution No. 9.    By Senator Cornforth.

WHEREAS, There is now under consideration by the senate of the nineteenth general assembly of the state of Colorado Senate Bill No. 19 by Senator Van Tilborg, entitled:

"A BILL FOR AN ACT TO DETACH THE COUNTY OF TELLER FROM THE FOURTH JUDICIAL DISTRICT OF THE STATE OF COLORADO, AND TO ATTACH THE SAID COUNTY OF TELLER TO THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF COLORADO FOR JUDICIAL PURPOSES: AND TO REPEAL ALL ACTS AND PARTS OF ACTS INCONSISTENT WITH THIS ACT."

AND WHEREAS, said bill has passed on second reading by said senate on the 17th day of March, 1913, receiving eighteen votes in favor thereof, and said bill is now pending for third reading before the senate of the nineteenth general assembly.

AND WHEREAS, it is believed that a two-thirds vote is necessary to pass this bill in conformity with section 14 of article VI of the constitution of the state of Colorado.

Now Therefore, Be it Resolved, by the senate of the nineteenth general assembly of the state of Colorado, that the supreme court of the state of Colorado be and it is hereby re-

quested to give its opinion upon and in answer to the following question:·

FIRST:   Does it require a two-thirds vote of the senate and the house of representatives of the state of Colorado to change the boundary lines of judicial districts in said state?

SECOND:   Does the removal of one county from one judicial district in the state into another judicial district in the state, operate as a removal from office of the judge or judges of the district from which the county is removed?

*And be it Further Resolved,* That a copy of this preamble and resolution be forthwith transmitted to the said supreme court.

I herewith certify the above resolution duly and regularly adopted by the senate of the nineteenth general assembly.

(Signed).   S. R. FITZGARRALD,
*President.*

ATTEST:   MARK A. SKINNER,
*Secretary.*

*PER CURIAM:*

Section 14 of article VI of the constitution referred to in said resolution is as follows:

"The general assembly may (whenever two-thirds of the members of each house concur therein) increase or diminish the number of judges for any district, or increase or diminish the number of judicial districts and the judges thereof. Such districts shall be formed of compact territory, and be bounded by county lines; but such increase, diminution, or change in the boundaries of a district shall not work the removal of any judge from his office during the time for which he shall have been elected or appointed."

It will be noticed that the increase, diminution, or change in the boundaries of a judicial district referred to in that section is such as is brought about by the formation of a new judicial district, or the abolition of an existing one, and does not relate to a change in boundaries produced by taking one

county from a district composed of more than one county and adding it to another.

By Senate Bill No. 19, now pending on third reading in the senate, it is proposed to take Teller county from the fourth judicial district and attach it to the eleventh judicial district. The fourth judicial district is composed of more than one county, and that district will remain should the bill pass. Under such circumstances, the bill does not require a concurrence of two-thirds of the members of each house.

We take it that, by the second interrogatory, the honorable senate desires to know what judge or judges will preside over the district court in Teller county in the event that that county is attached to the eleventh judicial district. In that event, the judge of the eleventh judicial district would preside over the district court in Teller county the same as in any other county of that district, and neither of the judges of the fourth judicial district would be removed from office. Our answers are limited to a consideration of the aforesaid section of the constitution.

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY do not participate.